## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM CASTRO, | DOCKET NUMBER |
| Appellant, | AT-3443-16-0071-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: May 25, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William Castro, Douglasville, Georgia, pro se.

Joel R. Alvarey, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) on the grounds that the appellant did not timely file his VEOA complaint with the Department of Labor (DOL) and failed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to establish that the deadline for filing such a complaint should be equitably tolled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      In January 2015, the appellant, a preference eligible, applied for the position of Community Relations Officer, GS-14, pursuant to Announcement Number CIS-PJN-1297888-ICS. Initial Appeal File (IAF), Tab 10 at 10, 12. Although the appellant's name was referred to the selecting official, the agency notified him on June 23, 2015, that he had not been selected for the position. *Id.* at 14; IAF, Tab 14 at 7. According to the appellant, he contacted the equal employment opportunity (EEO) office on June 24, 2015, and thereafter initiated an EEO complaint alleging that his nonselection was the result of discrimination based on his age and Department of Veterans Affairs disability rating of 30% or more. IAF, Tab 10 at 5. After an unsuccessful mediation, the appellant filed a formal EEO complaint on August 11, 2015. IAF, Tab 13 at 15-17.

¶3    On an unknown date, the appellant filed a complaint with the Veterans' Employment and Training Service division of DOL alleging that his nonselection constituted a violation of VEOA. IAF, Tab 10 at 8, 13. On October 14, 2015, he wrote to DOL requesting a waiver of the 60-day time limit to file a complaint with DOL of an alleged VEOA violation. *Id.* at 13. In support of his request, the appellant explained that he was "completely unaware that [DOL] processed complaints of infractions against hiring Veterans" and that, although he had asked representatives from several different agencies about where he could file a VEOA claim, most were unable to assist him. *Id.* By letter dated October 19, 2015, DOL advised the appellant that it had closed his complaint because it was not filed within the statutory deadline of 60 days from the date of the alleged violation and because he had failed to show "adequate cause" for the untimely filing. *Id.* at 8.

¶4    On October 20, 2015, the appellant filed an appeal with the Board alleging that the agency had discriminated against him and disregarded VEOA in failing to select him for the Community Relations Officer position. IAF, Tab 1. The administrative judge notified the appellant of the exhaustion and timeliness requirements under VEOA—specifically, that he must have filed a complaint with DOL within 60 days of the agency's alleged violation and exhausted that process before the Board could take jurisdiction over his VEOA claim—and ordered him to file evidence and argument in support of his claim. IAF, Tab 3. The appellant responded, submitting, among other things, DOL's letter stating that the appellant had failed to meet the statutory deadline. IAF, Tab 10 at 8. By a show cause order dated December 22, 2015, the administrative judge ordered the appellant to file evidence and argument showing that his complaint to DOL was timely filed or that the doctrine of equitable tolling should be applied to excuse his untimely filing. IAF, Tab 16. The appellant did not respond.

¶5    On February 1, 2016, without holding the requested hearing, the administrative judge denied the appellant's request for corrective action under

VEOA, finding that, although he exhausted his administrative remedy with DOL, his DOL complaint was untimely filed and he failed to establish that the deadline should be equitably tolled. IAF, Tab 17, Initial Decision (ID) at 1, 4-6. On February 9, 2016, the appellant submitted his response to the show cause order, explaining that he had attempted to timely respond to the show cause order by filing his response through the Board's e-Appeal system, but that he later discovered that it had not gone through. Petition for Review (PFR) File, Tab 2 at 4-5. The appellant requested that the Board excuse his error and consider his response to the show cause order. *See id.* The Clerk of the Board docketed the appellant's submission as a petition for review of the initial decision. PFR File, Tab 3; *see* PFR File, Tab 1. The agency has not responded to the appellant's petition for review.

¶6        To establish Board jurisdiction over a VEOA appeal, an appellant must, among other things, show that he exhausted his remedy with DOL. 5 U.S.C. § 3330a; *Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 13 (2012). A complaint filed with DOL alleging a violation of veterans' preference rights must be filed within 60 days after the date of the alleged violation. 5 U.S.C. § 3330a(a)(2)(A). Here, it is undisputed that the alleged veterans' preference violation occurred on June 23, 2015, when the appellant was notified that he was not selected for the Community Relations Officer position. PFR File, Tab 2 at 5; IAF, Tab 14 at 7. Accordingly, the appellant had until Monday, August 24, 2015, to file a complaint with DOL. *See* 5 U.S.C. § 3330a. Although the record does not contain a copy of the appellant's DOL complaint, the appellant acknowledges that he did not file the DOL complaint until October 8, 2015—more than 100 days after the alleged violation occurred. PFR File, Tab 2 at 5. Thus, we agree with the administrative judge's finding that the appellant's administrative complaint with DOL was untimely filed. ID at 4.

¶7        The 60-day filing deadline set forth at 5 U.S.C. § 3330a(a)(2)(A) is subject to equitable tolling, however, and an employee's failure to file a complaint with

DOL within that 60-day period does not summarily foreclose the Board from exercising jurisdiction to review the appeal. *Hayes v. Department of the Army*, 111 M.S.P.R. 41, ¶ 10 (2009). Even so, Federal courts have typically extended equitable relief only sparingly, such as when the complainant had actively pursued his judicial remedies by filing a defective pleading during the statutory period, or when the complainant had been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

¶8        On review, the appellant asks the Board to apply equitable tolling to excuse his untimely filing with DOL because the time limit for filing a VEOA complaint with DOL was unclear and the "roles each agency implements during the complaint process adds to the confusion that often results in untimely filings."[2] PFR File, Tab 2 at 5. The appellant also asserts that the EEO mediation added to his confusion because the agency did not tell him that he could proceed with a formal complaint or provide him with the appropriate forms until after the failed mediation in August 2015. *Id.* Confusion regarding filing deadlines, however, is not the type of situation that falls within the limited scope of cases to which equitable tolling is applicable. *See Gingery*, 119 M.S.P.R. 43, ¶ 18; *Hayes*, 111 M.S.P.R. 41, ¶¶ 10-11. Because there is no indication that the appellant filed a defective pleading within the statutory period or that he was tricked or induced by an agency representative or official into allowing the DOL filing deadline to pass, equitable tolling is inappropriate. *See Gingery*, 119 M.S.P.R. 43, ¶ 18.

---

[2] The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Because the appellant claims confusion or difficulties with the e-Appeal system, under the circumstances of this appeal, we will consider the arguments regarding equitable tolling raised for the first time on review.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                   _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.